**Slamet MARGOMOELJONO,
Petitioner,**

v.

**John ASHCROFT, Attorney General of
the United States, Respondent.**

No. 02–3974.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Sept. 15, 2003.

Decided Sept. 22, 2003.

Before McKEE, SMITH and COWEN, Circuit Judges.

## OPINION OF THE COURT

McKEE, Circuit Judge.

Slamet Margomoeljono appeals from the Immigration Judge's denial of his request for asylum, withholding of deportation, and the judge's ruling that Margomoeljono does not qualify for relief under the Convention Against Torture. We will affirm.

Inasmuch as we write only for the parties who are familiar with the background of this case, we will not set forth the procedural or factual background except insofar as it may be helpful to our brief discussion.

Margomoeljono entered the United States on a nonimmigrant visitor visa authorizing his entry for pleasure and allowing him to remain for a period of time not to exceed six months. He effectuated his entry in New York on November 24, 1996, and was therefore free to remain on that visa until May 23, 1997. On February 7, 2000, the INS issued a notice to appear charging him with removability under § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B). Thereafter, Margomoeljono filed an application for asylum and withholding of deportation as well as deferral of removal under the provisions of the United Nations Convention Against Torture. The Immigration Judge rejected his claims for relief following a hearing based upon the judge's conclusion that the alien's testimony failed to meet the applicable burden. The Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's decision without an opinion. Accordingly, the decision of the Immigration Judge became a final order of removal pursuant to 8 U.S.C. § 1252(a)(1) and 28 U.S.C. § 2342. We review that decision to determine only if the agency's decision (i.e. the decision of the Immigration Judge) is supported by substantial evidence on the record. *INS v. Elias–Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Margomoeljono's testimony only established three separate incidents in Indonesia in which he was attacked by individuals who *arguably* knew that he was Chinese and who were attacking him because of that ethnicity. In order to be eligible for asylum or withholding of deportation Margomoeljono must establish "the requisite fear of persecution." *Elias–Zacarias*, 502 U.S. at 483–484. His testimony here falls far short of establishing the requisite nexus between the specific acts he complained of and either his ethnicity or his Roman Catholic faith. The Immigration Judge concluded as to each of the attacks Margomoeljono testified to: "the weight of the evidence tends to show that this was a crime unrelated to any factor protected by the act." A.R. 195. We must affirm that conclusion unless the evidence on the record "compels" a contrary conclusion. *Elias–Zacarias*, 502 U.S. at 483. The connection between Margomoeljono's ethnicity and religion and the three specific acts of violence he complains of, is tenuous at best. Similarly, the record lacks evidence of a nexus between ethnic or religious animosity and the unwillingness or inability of the government to protect members of his ethnic group. Thus, we must affirm the ruling of the Immigration Judge. *See Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993) ("the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.")

Accordingly, we will affirm the order of the Immigration Judge.